ZEHMER, Judge.
William Wade appeals an order denying his petition for writ of mandamus. The only question raised is whether the petition was facially sufficient to require a hearing on the merits. We reverse and remand for further proceedings.
Wade was convicted of sexual battery and is presently serving his sentence of fifteen years in prison. He was charged and tried on a count for- kidnapping in violation of section 787.01, Florida Statutes, and a second count for sexual battery in *576 violation of section 794.011(5). Wade was convicted of the sexual battery count, but acquitted on the kidnapping charge.
In setting Wade’s presumptive parole release date (PPRD), the Florida Parole and Probation Commission (Commission) determined that aggravating circumstances of the offense warranted a release date beyond the calculated matrix time range. The Commission added seventy-two months to the PPRD and listed the following as the aggravating factor:
The offense was committed against a victim known to be particularly vulnerable, to wit: the victim was held against her will in a bus on which the door had been locked and victim was forced to have sexual intercourse.
The Commission’s rule 23-21.10, Florida Administrative Code, prohibits the use of “charges for which a person was acquitted after trial” as an aggravating factor to justify a PPRD beyond the calculated matrix range. Wade’s petition for mandamus alleges these facts and contends that the statement of aggravating circumstances is nothing more than a restatement of the essential elements of statutory kidnapping, of which he had been acquitted. The trial court denied mandamus because “petitioner has failed to allege a factual basis that would entitle him to that relief,” (R. 18).
The Commission seeks to uphold the trial court’s orders, arguing that its explanation does not refer to any abduction or holding of the victim for ransom and that the trapping of the victim in the vehicle is not the equivalent of kidnapping. We do not agree with this argument. The pertinent language of section 787.01 defines kidnapping as “forcibly confining ... another person against his will and without lawful authority, with intent to ... commit or facilitate commission of any felony.” We do not perceive any significant distinction between the statutory definition of kidnapping and the factual reason given by the Commission for aggravating Wade’s PPRD. The trial court erred in denying the petition as facially insufficient.
The Commission complains in its brief that it was never afforded an opportunity in the trial court to respond to the petition. Therefore, the order appealed is reversed; the case is remanded and the trial court directed to order the Commission to show cause why the petition for mandamus should not be granted, and to hold an evi-dentiary hearing thereon should the trial court deem one necessary after the Commission’s response is filed.
REVERSED and REMANDED.
ERVIN, C.J., and MILLS, J., concur.